UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICH KAISER, | No. 2:13-cv-2352 MCE KJN PS |
| Plaintiff, | |
| v. | ORDER |
| FLAGSTAR BANK, FSB, et al., | |
| Defendants. | |

On November 25, 2013, defendants Flagstar Bank, FSB and Federal National Mortgage Association (collectively, "defendants") filed a motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  (ECF No. 9.)  Defendants noticed their motion for a hearing to take place before the undersigned on January 30, 2014.  (Id.)

Pursuant to this court's Local Rules, plaintiff was obligated to file and serve a written opposition or statement of non-opposition to the pending motion at least fourteen (14) days prior to the hearing date, or January 16, 2014.  See E.D. Cal. L.R. 230(c).[2]  Although that deadline has

---

[1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2] More specifically, Eastern District Local Rule 230(c) provides:

    **(c) Opposition and Non-Opposition.**  Opposition, if any, to the

1

1 now passed, the court's docket reveals that plaintiff Erich Kaiser, who is proceeding without
2 counsel, failed to file a written opposition or statement of non-opposition with respect to the
3 motion to dismiss.
4     Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply
5 with these Rules or with any order of the Court may be grounds for imposition by the Court of
6 any and all sanctions authorized by statute or Rule or within the inherent power of the Court."
7 Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

12 See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the
13 same rules of procedure that govern other litigants") (overruled on other grounds).  A district
14 court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to
15 Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or
16 fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local
17 rules.[3]  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act
18 sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S.
19 Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action
20 pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute

---

> granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date.  A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question.  No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. . . .

[3] The Ninth Circuit Court of Appeals had held that under certain circumstances a district court does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) for failing to file an opposition to a motion to dismiss.  See, e.g., Trice v. Clark County Sch. Dist., 376 Fed. App'x. 789, 790 (9th Cir. 2010) (unpublished).

or comply with the rules of civil procedure or the court's orders); <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); <u>Thompson v. Housing Auth. of City of L.A.</u>, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

In light of the foregoing, IT IS HEREBY ORDERED that:

1. The hearing on defendants' motion to dismiss (ECF No. 9), which is presently set for January 30, 2014, is CONTINUED until March 6, 2014, at 10:00 a.m., in Courtroom No. 25 before the undersigned. Defendants may appear telephonically at the continued hearing pursuant to their previously-granted request for telephonic appearance, and shall contact the undersigned's courtroom deputy to make such arrangements.

2. Plaintiff shall file any written opposition to the motion to dismiss **on or before February 13, 2014**. Alternatively, if plaintiff concludes that he is unable to pursue the action at this juncture, he may instead file a notice of voluntary dismissal of the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) no later than February 13, 2014.

3. Plaintiff's failure to file either a written opposition to the motion to dismiss or a notice of voluntary dismissal by the required deadline will be deemed a statement of non-opposition to the pending motion and consent to the granting of the motion, and shall constitute an additional ground for the imposition of appropriate sanctions, including a recommendation that plaintiff's entire case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

////
////
////
////
////

4. Defendants may file a written reply to plaintiff's opposition, if any, on or before February 20, 2014.

IT IS SO ORDERED.

Dated: January 22, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE