UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICH KAISER,  | No. 2:13-cv-2352 MCE KJN PS |
| Plaintiff, | |
| v. | ORDER |
| FLAGSTAR BANK, FSB, et al., | |
| Defendants. | |

Plaintiff Erich Kaiser initially commenced this wrongful foreclosure action against defendants Flagstar Bank, FSB ("Flagstar"); Federal National Mortgage Association ("FNMA"); and PLM Lender Services, Inc. ("PLM") in the Sacramento County Superior Court. (ECF No. 1-1.) Plaintiff's original complaint asserted claims for (1) fraud; (2) negligent misrepresentation; (3) breach of oral contract; (4) "to void or set aside trustee's sale"; and (5) violation of RESPA, 12 U.S.C. § 2605. (Id.) On November 13, 2013, defendants filed a notice of removal of the action to this court, invoking the court's federal question jurisdiction. (ECF No. 1.)[1]

Thereafter, on November 25, 2013, defendants Flagstar and FNMA filed a motion to dismiss plaintiff's original complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 9.) Defendants noticed their

---

[1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

motion for a hearing to take place before the undersigned on January 30, 2014.  (Id.)  Pursuant to the court's Local Rules, plaintiff was obligated to file and serve a written opposition or statement of non-opposition to that motion at least fourteen (14) days prior to the hearing date, or January 16, 2014.  See E.D. Cal. L.R. 230(c).[2]  When plaintiff failed to file an opposition or statement of non-opposition by the required deadline, the court issued an order on January 22, 2014, continuing the hearing on the motion to dismiss to March 6, 2014, and requiring plaintiff to file any written opposition to the motion  no later than February 13, 2014.  (ECF No. 14.)  Plaintiff was specifically cautioned that failure to file a written opposition by the required deadline may result in a recommendation that the action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).  (Id.)

The next day, on January 23, 2014, plaintiff filed a first amended complaint.  (ECF No. 15.)  The first amended complaint only names Flagstar as a defendant and asserts claims for: (1) breach of contract (direct); (2) breach of contract (third party beneficiary); (3) breach of contract (promissory estoppel); (4) breach of the implied covenant of good faith and fair dealing; (5) violations of the Unfair Competition Law, Business and Professions Code sections 17200 et seq.; (6) fraud; (7) negligent misrepresentation; (8) negligence; and (9) declaratory relief.  (Id.)

There can be little doubt that plaintiff's first amended complaint was unauthorized pursuant to Federal Rule of Civil Procedure 15.  Rule 15(a) states, in relevant part, that "(1)…[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a

---

[2]  More specifically, Eastern District Local Rule 230(c) provides:

> **(c) Opposition and Non-Opposition.**  Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date.  A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question.  No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. . . .

responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). If these requirements are not satisfied, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Given that the pending motion to dismiss was filed and served on November 25, 2013, any amendment as a matter of course had to be made within 21 days of that date, i.e., by December 16, 2013. Plaintiff's January 23, 2014 filing of the first amended complaint was thus untimely for purposes of an amendment as a matter of course. Furthermore, plaintiff did not obtain the defendants' written consent or the court's leave prior to filing the first amended complaint. Therefore, the appropriate remedy would ordinarily be to strike plaintiff's first amended complaint.

Nevertheless, in light of plaintiff's *pro se* status, and in the interests of judicial economy, the court retroactively grants plaintiff leave to file the first amended complaint pursuant to Rule 15(a)(2). Significantly, the first amended complaint drops two of the named defendants and also asserts different and additional claims not included in the original complaint. To resolve a motion to dismiss challenging the original complaint, which involves different parties and claims from what plaintiff presently intends to pursue, would result in wasted time and effort. Instead, the court finds that it would be more efficient to permit the filing of the first amended complaint and allow remaining defendant Flagstar to respond to that pleading by filing either an answer or an appropriately-focused motion.[3]

////

---

[3] The court notes that the first amended complaint, unlike the original complaint, does not contain a federal RESPA claim, which had served as the basis for federal question jurisdiction and removal to this court. Nevertheless, a federal district court has discretion to exercise its supplemental jurisdiction over remaining state law claims after federal claims have been dropped subsequent to removal. See Carnegie-Mellon University v. Cohill, 484 U.S. 343 (1988). Moreover, in this case, it appears that the court may have diversity of citizenship jurisdiction over the action, given plaintiff's allegation that he is a citizen of California, that Flagstar is headquartered in Michigan, and that the loan involved was for approximately $417,000.00. (ECF No. 15.)

However, plaintiff is hereby cautioned that future failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules,[4] and/or court orders may result in the imposition of sanctions, including monetary sanctions and/or a recommendation that the action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).  In particular, plaintiff is put on notice that he must file and serve a written opposition or statement of non-opposition to any motion filed by an opposing party not later than fourteen (14) days prior to the noticed hearing date in accordance with Local Rule 230(c).  *Filing an amended complaint is not a proper way of opposing a motion to dismiss, and any future unauthorized amended complaints may be summarily stricken.*  If plaintiff wishes to amend his complaint, plaintiff must file a properly-noticed motion for leave to amend his complaint in accordance with Local Rule 230 and applicable law.  Plaintiff shall not actually file any amended complaint unless the court has granted plaintiff's motion for leave to amend or otherwise ordered the filing of an amended complaint.

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. Plaintiff is granted leave to file a first amended complaint, and plaintiff's first amended complaint filed on January 23, 2014 (ECF No. 15) is DEEMED FILED as the operative complaint.

2. Pursuant to plaintiff's first amended complaint, defendants PLM Lender Services, Inc. and Federal National Mortgage Association are DISMISSED WITHOUT PREJUDICE from the action.  The action continues as to defendant Flagstar Bank, FSB only.

3. The pending motion to dismiss (ECF No. 9) is DENIED WITHOUT PREJUDICE as moot and the hearing thereon is VACATED.

4. Defendant Flagstar Bank, FSB shall file a response to the first amended complaint (ECF No. 15) within 28 days of this order.

5. This order disposes of ECF Nos. 9 and 11.

////

---

[4] A copy of the court's Local Rules may be obtained from the Clerk of Court or on the court's website at http://www.caed.uscourts.gov/caednew/index.cfm/rules/local-rules/.

IT IS SO ORDERED.

Dated:  February 4, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE