UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICH KAISER, | No.  2:13-cv-2352 MCE KJN PS |
| Plaintiff, | |
| v. | ORDER |
| FLAGSTAR BANK, FSB, | |
| Defendant. | |

This action was removed to federal court on November 13, 2013.  (ECF No. 1.)  On November 25, 2013, some of the originally-named defendants filed a motion to dismiss plaintiff's original complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which was set for hearing on January 30, 2014.  (ECF No. 9.)  After plaintiff failed to file an opposition to the motion in accordance with Local Rule 230(c), the court continued the hearing on the motion to March 6, 2014, and provided plaintiff with an additional opportunity to file an opposition to the motion no later than February 13, 2014.  (ECF No. 14.)  In that order, the court carefully outlined the briefing requirements and deadlines imposed by Local Rule 230, and cautioned plaintiff that future failure to oppose defendants' motion may result in dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).  (Id.)

Thereafter, on January 23, 2014, plaintiff filed the operative first amended complaint, which only named defendant Flagstar Bank, FSB as a defendant.  (ECF No. 15.)  In an order

1

dated February 4, 2014, the court explained that plaintiff's first amended complaint was untimely and unauthorized pursuant to Federal Rule of Civil Procedure 15. (ECF No. 16.) Nevertheless, in light of plaintiff's *pro se* status, and in the interests of judicial economy (the first amended complaint dropped all defendants except Flagstar Bank, and asserted different and additional claims), the court retroactively granted plaintiff leave to file the first amended complaint and denied the then-pending motion to dismiss without prejudice as moot. (Id.) However, at the time, the court also specifically cautioned plaintiff that:

> [F]uture failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and/or court orders may result in the imposition of sanctions, including monetary sanctions and/or a recommendation that the action be dismissed pursuant to Federal Rule of Civil Procedure 41(b). In particular, plaintiff is put on notice that he must file and serve a written opposition or statement of non-opposition to any motion filed by an opposing party not later than fourteen (14) days prior to the noticed hearing date in accordance with Local Rule 230(c). *Filing an amended complaint is not a proper way of opposing a motion to dismiss, and any future unauthorized amended complaints may be summarily stricken.* If plaintiff wishes to amend his complaint, plaintiff must file a properly-noticed motion for leave to amend his complaint in accordance with Local Rule 230 and applicable law. Plaintiff shall not actually file any amended complaint unless the court has granted plaintiff's motion for leave to amend or otherwise ordered the filing of an amended complaint.

(Id.) (emphasis in original).

Subsequently, on March 4, 2014, remaining defendant Flagstar Bank filed a motion to dismiss the first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which was noticed for hearing on April 10, 2014. (ECF No. 19.) The court granted defendant's counsel permission to appear telephonically at the hearing in light of defendant's counsel's pregnancy and her present inability to travel from Los Angeles to Sacramento. (ECF Nos. 22, 23.)

Pursuant to Local Rule 230(c), plaintiff was required to file an opposition or statement of non-opposition to the motion to dismiss at least fourteen (14) days prior to the hearing, i.e. by March 27, 2014. Although that deadline has now passed, the court's records indicate that plaintiff failed to file an opposition or statement of non-opposition to the motion to dismiss in accordance with Local Rule 230(c).

////

Plaintiff did file a "notice of writ" on March 27, 2014, which essentially constitutes objections to the court permitting defendant's counsel to appear telephonically at the hearing. (ECF No. 24.) Plaintiff appears to suggest that a telephonic appearance by defendant's counsel would violate his due process, equal protection, and Sixth Amendment rights, because he would not be able to identify and cross-examine witnesses and parties at the hearing. (Id.) The court overrules plaintiff's objections, because the purpose of the hearing on the motion to dismiss is not to receive evidence or testimony, as would be done at a trial, but simply to hear arguments from the parties concerning the legal sufficiency of plaintiff's first amended complaint and the merits of defendant Flagstar Bank's motion to dismiss. Whether or not defendant's counsel is personally present, no direct or cross-examination of any party by another party would generally be permitted. Moreover, pursuant to Local Rule 230(g), the court, in its discretion, may submit the motion on the briefing and record, and vacate the hearing entirely. As such, plaintiff's objections have no merit.

Even liberally construed, plaintiff's "notice of writ" does not constitute an opposition or statement of non-opposition to defendant Flagstar Bank's motion to dismiss, because it fails to address any of Flagstar Bank's substantive arguments. Thus, plaintiff has yet again violated Local Rule 230(c), despite the court's clear instructions in prior orders, which provided plaintiff with additional notice of that rule's requirements and specifically ordered plaintiff's compliance with them. In light of plaintiff's failure to comply with procedural rules and court orders, which has already resulted in significant delays to this case, the court considered whether the case should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) at this juncture. However, because dismissal is a harsh sanction, and given plaintiff's *pro se* status and the court's desire to resolve the action on the merits, the court first attempts lesser monetary sanctions and grants plaintiff one final opportunity to oppose defendant Flagstar Bank's motion to dismiss, with a special briefing schedule as outlined below.

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. Plaintiff's objections to defendant's counsel's telephonic appearance (ECF No. 24) are OVERRULED.

2. **No later than April 15, 2014**, plaintiff shall pay the Clerk of Court $250.00 in monetary sanctions based on plaintiff's above-mentioned failure to follow procedural rules and court orders, despite cautionary instructions by the court.

3. The April 10, 2014 hearing on defendant Flagstar Bank's motion to dismiss is CONTINUED until Thursday May 22, 2014, at 10:00 a.m., in Courtroom No. 25 before the undersigned. Defendant's counsel may appear telephonically at the hearing, and shall make appropriate arrangements for such a telephonic appearance with the undersigned's courtroom deputy at least seven (7) days prior to the hearing.

4. Plaintiff shall file an opposition or statement of non-opposition to defendant Flagstar Bank's motion to dismiss **no later than May 1, 2014.**

5. Defendant Flagstar Bank shall file any reply brief no later than May 8, 2014.

6. No further briefing will be permitted by any party, unless specifically requested by the court.

7. Plaintiff's failure to both (a) pay the monetary sanctions in full and (b) file a timely opposition or statement of non-opposition to the motion to dismiss will result in a recommendation that the action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

8. Alternatively, if plaintiff feels that he no longer wishes to pursue the action at this juncture, he may instead file a notice of voluntary dismissal of the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

IT IS SO ORDERED.

Dated: March 31, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4